**Roland PANGERL, deceased, by JoAnne Pangerl, Respondent,**

v.

**ELECTRIC REPAIR & CONSTRUCTION and CNA Commercial Insurance, Relators.**

No. C7–01–2035.

Supreme Court of Minnesota.

June 13, 2002.

Timothy J. McCoy, # 69930, McCoy, Peterson, Jorstad & Brabbit, Minneapolis, MN, for Respondent.

Janet Monson, # 129884, Aafedt, Forde, Gray & Monson, P.A., Minneapolis, MN, for Relators.

OPINION

RUSSELL A. ANDERSON, Justice.

The Workers' Compensation Act provides that the death benefit for an employee's surviving spouse and dependent children is calculated as a percentage of the deceased employee's wage at the time of injury, subject to a maximum weekly compensation rate, adjusted annually. The Act further provides that when the last dependent child is no longer dependent, the surviving spouse is paid a weekly benefit for an additional ten years at a rate that is 25 percent less than the "last weekly workers' compensation benefit payment."

In this case, the weekly death benefit for the surviving spouse and dependent children was limited to the maximum weekly compensation rate, and now that the children are no longer dependent, we are asked to determine the proper method of calculating the ongoing death benefit for the surviving spouse alone. Specifically, we must decide whether the correct statutory calculation is to reduce by 25 percent the maximum weekly compensation benefit to which the surviving spouse and the children have been entitled or whether the correct statutory calculation is to reduce by 25 percent the surviving spouse and dependent children's benefit entitlement based upon the deceased employee's wage at the time of injury, and then subject that determination to the maximum compensation rate. We conclude that the correct statutory method of calculating the 25 percent reduction in benefits is the latter method, and we affirm.

The parties have stipulated to the material facts. Roland Pangerl, an employee of relator Electric Repair & Construction, died on August 12, 1987, as a result of a

work-related injury that had occurred on July 23, 1987. He was survived by his spouse, respondent JoAnne Pangerl, and their two children, one born in 1971 and the other in 1978. The employer and its workers' compensation insurer, relator CNA Commercial Insurance, accepted liability for the injury and death and began paying dependents' death benefits under the Workers' Compensation Act, effective July 24, 1987.

Roland Pangerl's weekly wage on the date he was injured was $891.80. Under Minn.Stat. § 176.111, subd. 8 (2000), Roland Pangerl's surviving spouse and two dependent children were entitled to 66-2/3 percent of his wage at the time of injury, or $594.53 per week. However, the Act also provides a maximum compensation rate equal to the maximum weekly compensation for a temporary total disability. Minn.Stat. § 176.111, subd. 20 (2000). At the time of Roland Pangerl's injury, the maximum compensation rate for a temporary total disability was $360. The employer and its insurer therefore paid the maximum weekly benefit of $360, which was adjusted annually to match the percentage increase in the statewide average weekly wage, not to exceed six percent annually, in accordance with the provisions of Minn.Stat. § 176.645 (1986).

The employer and its insurer continued payment of benefits for more than 13 years, until January 22, 2001, at which point the employer and insurer filed a petition seeking to reduce payments because both children no longer qualified for presumptive dependent status under the Act.[1] The employer and insurer's petition for a reduction of the amount of their payments to JoAnne Pangerl by 25 percent cited Minn.Stat. § 176.111, subd. 8,

which provides that when the last child is no longer dependent, the surviving spouse shall be paid weekly benefits at a rate that is 25 percent less than the "last weekly workers' compensation benefit payment." The employer and its insurer argued that this statutory provision required that the weekly payment be reduced by 25 percent. JoAnne Pangerl argued that there should be no reduction in weekly payments. She argued that the amount of the weekly benefit she received was never increased because of her two dependent children and, therefore, her benefit should not be decreased because of the emancipation of the children. The case was submitted on stipulated facts to a compensation judge, who agreed with JoAnne Pangerl and denied the petition to reduce benefits by 25 percent. The WCCA concluded that because the weekly benefit in this case was never increased because of the children, the emancipation of the children could not serve as the basis for a reduction of the benefit and affirmed by split decision. *Pangerl v. Elec. Repair & Constr.*, 2001 WL 1568320, at *3-*4 (Minn. WCCA Oct. 25, 2001).

I.

We are asked in this case to apply the language of the Workers' Compensation Act to undisputed facts, which we do de novo. *Kloss v. E & H Earthmovers*, 472 N.W.2d 109, 112 (Minn.1991). A brief overview of the statutory scheme provides a helpful starting point for our analysis. When an employee dies as a result of a work-related injury, the Act provides for the payment of a death benefit to dependents. *See* Minn.Stat. § 176.111, subd. 5 (1986). When a deceased employee leaves a surviving spouse and no dependent children, 50 percent of the employee's weekly

---

1. The two children lost statutory presumptive dependent status because the older child was more than 25 years old and the younger child was more than 18 years old and no longer attending school. *See* Minn.Stat. § 176.111, subd. 1 (2000).

wage at the time of the injury shall be paid to the surviving spouse for a period of ten years. Minn.Stat. § 176.111, subd. 6 (2000). When a deceased employee leaves a surviving spouse and one dependent child, 60 percent of the employee's daily wage at the time of the injury shall be paid for the benefit of the surviving spouse and the dependent child until the child is no longer dependent, at which point the rate of the last weekly benefit is reduced by 16–2/3 percent and is then paid to the surviving spouse for a period of ten years. Minn.Stat. § 176.111, subd. 7 (2000). The reduction of the weekly benefit by 16–2/3 percent returns the weekly benefit, without regard to the annual adjustment, to 50 percent of the deceased employee's wage.

When the deceased employee leaves a surviving spouse and two dependent children, as was the case here, 66–2/3 percent of the daily wage at the time of the injury shall be paid to the surviving spouse for the benefit of both the spouse and the children until the last child is no longer dependent. Minn.Stat. § 176.111, subd. 8.[2] At the point of emancipation of the last child, the surviving spouse receives a weekly benefit for ten years at a rate that is 25 percent less than "the last weekly workers' compensation benefit payment." *Id.* The reduction of the weekly benefit by 25 percent returns the weekly benefit,

without regard to the annual adjustment, to 50 percent of the deceased employee's wage.

The "last weekly workers' compensation benefit payment" is defined in Minn.Stat. § 176.111, subd. 8a (2000) as the workers' compensation benefit that would have been payable without the application of Minn. Stat. § 176.111, subd. 21 (2000). Subdivision 21 essentially provides that the total of weekly government survivor benefits and workers' compensation death benefits shall not exceed 100 percent of the deceased employee's weekly wage at the time of the injury causing death. Minn.Stat. § 176.111, subd. 21.

The Act separately establishes a maximum weekly compensation rate for workers' compensation death benefits. Minn. Stat. § 176.111, subd. 20.[3] The statute provides that "[t]he total weekly compensation to be paid to full actual dependents of a deceased employee shall not exceed in the aggregate an amount equal to the maximum weekly compensation for a temporary total disability." *Id.* Thus, in this case even though 66–2/3 percent of the deceased employee's weekly wage was $594.53, the maximum weekly compensation could not exceed the maximum weekly compensation for temporary total disability on the date of injury, which was $360. Weekly compensation payments are sub-

---

**2.** The Act provides:

If the deceased employee leaves a surviving spouse and two dependent children, there shall be paid to the surviving spouse for the benefit of the spouse and children 66–2/3 percent of the daily wage at the time of the injury of the deceased until the last dependent child is no longer dependent. At that time the dependent surviving spouse shall be paid weekly benefits at a rate which is 25 percent less than the last weekly workers' compensation benefit payment, as defined in subdivision 8a, while the surviving child was a dependent, for a period of ten years, adjusted according to section 176.645.

Minn.Stat. § 176.111, subd. 8.

**3.** The maximum compensation rate provision provides in part:

Actual dependents are entitled to take compensation * * * during dependency until 66–2/3 percent of the weekly wage of the deceased at the time of injury is exhausted. The total weekly compensation to be paid to full actual dependents of a deceased employee shall not exceed in the aggregate an amount equal to the maximum weekly compensation for a temporary total disability.

Minn.Stat. § 176.111, subd. 20.

ject to an annual adjustment that matches the percentage increase in the statewide average weekly wage but may not exceed six percent annually. Minn.Stat. § 176.645.

## II.

We now turn to the analysis. The employer and insurer argue that the plain language of the Act requires a 25 percent reduction of the final payment made to the surviving spouse. JoAnne Pangerl argues that the rate of the weekly benefit was never increased above 50 percent of the deceased employee's wage on account of the dependent children. She argues that because the death benefit she received was never increased on account of her dependent children, the weekly benefit should not be reduced when the children are no longer dependent. We agree.

When interpreting statutory language, we will not disregard the letter of the law under the pretext of pursuing the spirit of the law when the words of a law in their application to an existing situation are clear and free from all ambiguity. Minn. Stat. § 645.16 (2000). When a statute is ambiguous or unclear, on the other hand, we determine legislative intent. *Id.*

If the surviving spouse's weekly benefit payment had not been reduced by the maximum compensation provision, then operation of the 25 percent reduction provided in Minn.Stat. § 176.111, subd. 8 would be clear and unambiguous. The surviving spouse would receive a workers' compensation death benefit at the rate of 66–2/3 percent of the daily wage at the time of the injury until the last dependent child is no longer dependent, and then would receive a benefit at the rate of 50 percent of the daily wage for an additional 10 years. *See* Minn.Stat. § 176.111, subd. 8. However, because the deceased employee here was a high-wage earner, the maximum compensation rate reduced JoAnne Pan-

gerl's weekly benefit to $360, less than 50 percent of her deceased husband's weekly wage at the time of injury. The operation of the maximum compensation rate provision in this case introduces ambiguity into the statutory scheme as to whether the 25 percent reduction set forth in subdivision 8 is calculated *before* or *after* application of the maximum compensation rate of subdivision 20.

Here, the surviving spouse's weekly benefit was 66–2/3 percent of $891.80, or $594.53. The maximum weekly compensation rate for injury and death in 1987 was $360. Payment of the weekly benefit at that rate continued until the last dependent child was no longer dependent, which amounted to 13 years of death benefits at the rate of $360, adjusted annually. Where the statute provides for a 25 percent reduction of the last weekly workers' compensation benefit payment, which is defined as the workers' compensation benefit that would have been payable without the application of subdivision 21, the question we must answer is which weekly benefit rate is to be reduced by 25 percent? Should the surviving spouse's weekly benefit that would have been payable without regard to the maximum weekly compensation rate be reduced by 25 percent, which is *then* subject to the maximum compensation rate? Or should the 25 percent reduction be taken after the initial calculation of the weekly benefit rate and application of the maximum compensation rate, which would result in a 25 percent reduction of the $360 weekly benefit rate? We conclude that the former calculation is the calculation that best reflects the legislature's intent.

First, we note with approval the emphasis placed by the WCCA on the concept of the surviving spouse's *benefit entitlement. Pangerl,* 2001 WL 1568320, at *2. The WCCA noted that "the phrase 'last weekly workers' compensation benefit payment' is

specifically defined in subdivision 8a as 'the workers' compensation *benefit* which would have been payable without the application of subdivision 21.' Here, the wording focuses on the dependents' benefit entitlement, rather than the amount actually being paid." *Id.* (footnote omitted). We agree that the emphasis is on the benefit entitlement.

Second, the language of subdivision 20 appears consistent with this interpretation. Subdivision 20 appears to be a provision that applies once the rate of the weekly death benefit is determined, which means in this case after calculation of the 25 percent reduction. Once the other relevant calculations have been made, then subdivision 20 limits the actual recovery of benefits to the maximum compensation rate because the legislature has framed the maximum compensation rate not as a part of the calculation, but rather, as a limit on "[t]he total weekly compensation to be paid." Minn.Stat. § 176.111, subd. 20.

Third, our interpretation of the interplay between the maximum compensation provision and the provision for a 25 percent reduction is more consistent with the statutory scheme as a whole. Here, as the WCCA majority concluded, the statutory scheme taken as a whole indicates that the rate of the death benefit should not be reduced when the operation of the maximum compensation rate has effectively prevented its increase.[4]

In the absence of the maximum compensation rate, the Act provides that any eligible surviving spouse will qualify for a weekly death benefit at a rate of 50 per-

cent for ten years. That is, without any dependents, the surviving spouse would qualify for a weekly death benefit at the rate of 50 percent of the wage for ten years. Minn.Stat. § 176.111, subd. 6. With one dependent, the surviving spouse qualifies for a benefit at the rate of 60 percent of the wage for as long as there is a qualifying dependent and then qualifies for a benefit at the rate of 50 percent for ten years. *See* Minn.Stat. § 176.111, subd. 7. With two dependents, the surviving spouse qualifies for a benefit at the rate of 66–2/3 percent of the wage until the last child is no longer dependent, and then qualifies for a benefit at the rate of 50 percent for ten years. *See* Minn.Stat. § 176.111, subd. 8. In all cases, once there are no longer dependents or if there never were dependents, the surviving spouse is entitled to a weekly death benefit at the rate of 50 percent for ten years. This scheme demonstrates the legislature's intent that a surviving spouse with or without dependents will receive a weekly death benefit for 10 years at the rate of 50 percent of the deceased employee's wage at the time of injury, subject to the maximum weekly compensation rate.

Fourth, an inequity would result if we were to allow reduction of a surviving spouse's weekly death benefit to some amount less than 50 percent of the deceased employee's wage at the time of injury and less than the statutory maximum compensation rate. The potential inequity is best illustrated when a work-related death of a high-wage-earning employee occurs, and the surviving spouse has two dependent children who are both about to lose dependency status. Without

4. This interpretation is bolstered by the allocation of benefits by rule. The 25 percent reduction of a surviving spouse's benefits conceivably is intended to match the 25 percent increase resulting from two dependent children, when it has occurred. By rule, 25 percent of dependency benefits is allocated to and "shall be paid" for the benefit of dependent children (when there has been no allocation of benefits by a judge). Minn. R. 5220.2930, subp. 2 (2001). Here, there has been no 25 percent increase to match with a parallel 25 percent reduction.

any dependents, the surviving spouse would qualify for a weekly death benefit at the rate of 50 percent of the wage, subject to the statutory maximum, for ten years. With two dependents, the surviving spouse qualifies for 66–2/3 percent of the wage, also subject to the statutory maximum, and then qualifies for a death benefit at the rate of 50 percent for ten years, which is also subject to the maximum compensation rate. If, for example, the dependents are emancipated one month following the death of the employee, and the weekly death benefit is reduced by 25 percent at that time, then the surviving spouse would receive benefits for one month at the maximum compensation rate and for 10 years at *25 percent less than the maximum rate,* whereas the surviving spouse who never had dependents or whose dependents were emancipated before the death of the employee would receive 10 years of death benefits at the maximum rate. This results in the surviving spouse without dependents receiving an amount that is greater in the aggregate than the amount received by the surviving spouse with dependents who lose dependency status early. We believe such a result would be both unreasonable and absurd, and the legislature is presumed not to intend a result that is unreasonable or absurd.[5] Minn.Stat. § 645.17(1) (2000).

We therefore hold that when a surviving spouse and dependent children receive a weekly workers' compensation death benefit under Minn.Stat. § 176.111, subd. 8, which is subject to a statutory maximum compensation rate, the benefit to be paid to the surviving spouse for an additional ten years after the last child is no longer dependent is determined by first calculating the surviving spouse's benefit entitlement without regard to the statutory maximum compensation rate. That weekly benefit amount is then subject to the statutory maximum compensation rate. In this case that results in no reduction in benefits.

Affirmed.

---

5. The employer and its insurer argue that there are potential inequities that arise if no reduction is made when the children are emancipated, because JoAnne Pangerl's weekly death benefit has been increased by the presence of dependents in that she will receive a weekly benefit for approximately 23 years rather than only for 10 years. The argument is flawed, however, because the duration of benefits and the rate of benefits are two separate and distinct effects of the presence of dependents. In the absence of the maximum compensation rate, JoAnne Pangerl would have received a weekly death benefit for approximately 23 years, but would have received a benefit at a much higher rate. In other words, the employer and its insurer in any event must pay out benefits for 23 years, but because of the operation of the maximum compensation rate, the payment of benefits in the aggregate will have been dramatically reduced.